FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 23, 2019

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NATALIE JEAN L., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY,[1] <br><br> Defendant. | NO: 2:18-CV-00174-FVS <br><br> ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross-motions for summary judgment. ECF Nos. 12, 13.  This matter was submitted for consideration without oral argument.  Plaintiff is represented by attorney Dana C. Madsen.  Defendant is

---

[1] Andrew M. Saul is now the Commissioner of the Social Security Administration.  Accordingly, the Court substitutes Andrew M. Saul as the Defendant and directs the Clerk to update the docket sheet.  *See* Fed. R. Civ. P. 25(d).

ORDER ~ 1

represented by Special Assistant United States Attorney Leisa A. Wolf. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, Plaintiff's Motion, ECF No. 12, is denied and Defendant's Motion, ECF No. 13, is granted.

## JURISDICTION

Plaintiff Natalie Jean L.[2] (Plaintiff), filed for disability insurance benefits (DIB) and supplemental security income (SSI) on October 20, 2014, alleging an onset date of February 27, 2013, in both applications. Tr. 193-206. Benefits were denied initially, Tr. 117-31, and upon reconsideration, Tr. 133-38. Plaintiff appeared at a hearing before an administrative law judge (ALJ) on January 26, 2017. Tr. 41-68. On March 21, 2017, the ALJ issued an unfavorable decision, Tr. 15-26, and on April 3, 2018, the Appeals Council denied review. Tr. 1-6. The matter is now before this Court pursuant to 42 U.S.C. § 405(g); 1383(c)(3).

## BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner, and are therefore only summarized here.

---

[2]In the interest of protecting Plaintiff's privacy, the Court will use Plaintiff's first name and last initial, and, subsequently, Plaintiff's first name only, throughout this decision.

ORDER ~ 2

Plaintiff was born in 1992 and was 24 years old at the time of the hearing. Tr. 193, 200. She left school after the tenth grade but later obtained a GED. Tr. 44. She last worked as a crew member at McDonald's in 2014. Tr. 45. She also has past work experience as a retail cashier. Tr. 45.

In 2013, Plaintiff contracted an infection and permanently lost vision in her right eye. Tr. 306, 375. She testified she stopped working because of blindness in her right eye and due to problems with her vision and depth perception. Tr. 45. She gets headaches frequently, probably four to five times per week. Tr. 46, 49-50. When she has a headache she goes to bed. Tr. 49-50. She has difficulty reading small print or seeing in low light. Tr. 47. She trips frequently due to her impaired depth perception. Tr. 47-48. She feels down and depressed. Tr. 51, 57. She has a history of illegal drug use. Tr. 52.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must

ORDER ~ 3

consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of

ORDER ~ 4

substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment is as severe or more severe

ORDER ~ 5

than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner should conclude whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§

ORDER ~ 6

404.1520(g)(1), 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one, the ALJ found Plaintiff did not engage in substantial gainful activity since February 27, 2013, the alleged onset date. Tr. 17. At step two, the ALJ found that Plaintiff has the following severe impairments: blindness of the right eye, intermittent headaches, and depression. Tr. 18. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 18.

The ALJ then found that Plaintiff has the residual functional capacity to perform a full range of work at all exertional levels with the following additional limitations:

> Due to blindness of the right eye, she would be limited to occupations that require no more than frequent peripheral visual acuity and depth perception, and no more than 30 minutes of concentrated exposure at a time to computer screens or written materials as part of their work/job. She must also have no exposure to moving or dangerous

ORDER ~ 7

   machinery and unprotected heights, and is limited to simple routine
   repetitive tasks where concentration was not critical (defined as
   careful exact evaluation and judgment).

Tr. 19.

At step four, the ALJ found that Plaintiff is capable of performing past relevant work as a fast food worker/crew member. Tr. 24. Alternatively, at step five, after considering the testimony of a vocational expert and Plaintiff's age, education, work experience, and residual functional capacity, the ALJ found there are other jobs existing in significant numbers in the national economy that Plaintiff can perform such as office helper or collator operator. Tr. 25. Thus, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, from February 27, 2013, through the date of the decision. Tr. 26.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying disability income benefits under Title II and supplemental security income under Title XVI of the Social Security Act. ECF No. 12. Plaintiff raises the following issues for review:

  1.  Whether the ALJ properly evaluated Plaintiff's symptom claims; and

  2.  Whether the ALJ properly evaluated the medical opinion evidence.

ECF No. 12 at 14.

## DISCUSSION

**A. Symptom Claims**

ORDER ~ 8

Plaintiff contends the ALJ improperly rejected her symptom claims. ECF No. 12 at 15-16. An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible. "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Molina*, 674 F.3d at 1112 (internal quotation marks omitted). "The claimant is not required to show that [his] impairment could reasonably be expected to cause the severity of the symptom [he] has alleged; [he] need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal citations and quotations omitted). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (1995); *see also Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995,

ORDER ~ 9

1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

In assessing a claimant's symptom complaints, the ALJ may consider, *inter alia*, (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) the claimant's daily living activities; (4) the claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of the claimant's condition. *Thomas*, 278 F.3d at 958-59.

This Court finds that the ALJ provided specific, clear, and convincing reasons for finding Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms less than fully persuasive. Tr. 20.

First, the ALJ found Plaintiff's symptom claims are undermined by the objective evidence. Tr. 20-21. While subjective pain testimony may not be rejected solely because it is not corroborated by objective medical findings, the medical evidence is a relevant factor in determining the severity of a claimant's pain and its disabling effects. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). The ALJ found Plaintiff's testimony that she has difficulty seeing cracks in sidewalks, cannot see well enough to pick out her clothes, cannot clean house or operate appliances, and cannot take care of her baby is not supported by any evidence, medical or otherwise. Tr. 21, 47-48, 53, 259-61. The ALJ observed that despite Plaintiff's allegation that the vision in her left eye is diminishing and she needs glasses, exams in 2013 and 2015 indicated she had 20/20 vision in her left

ORDER ~ 10

eye. Tr. 20, 333, 343, 346, 375. In January 2015, Odessa Ramos, M.D., examined Plaintiff and found no medical conditions or limitations other than her right eye blindness. Tr. 21, 361-67. The ALJ observed that medical records from Plaintiff's treating healthcare clinic in 2015 pertain only to her pregnancy and there are no complaints of headaches or vision problems. Tr. 21, 385-443. The ALJ reasonably concluded that the objective evidence does not fully support Plaintiff's symptom claims.

Second, the ALJ found Plaintiff's lack of treatment is inconsistent with her symptom complaints. Tr. 20-21. The ALJ may consider the claimant's lack of treatment in evaluating symptom complaints. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). Where the evidence suggests lack of mental health treatment is part of a claimant's mental health condition, it may be inappropriate to consider a claimant's lack of mental health treatment as evidence of a lack of credibility. *See Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996). However, when there is no evidence suggesting a failure to seek treatment is attributable to a mental impairment rather than personal preference, it is reasonable for the ALJ to conclude that the level or frequency of treatment is inconsistent with the level of complaints. *Molina*, 674 F.3d at 1113-14.

The ALJ noted that despite Plaintiff's reports of headaches, there is no evidence she sought treatment for them or reported any significant, ongoing, recurring, or chronic headaches. Tr. 20. Similarly, Plaintiff's allegations of depression are not supported by any significant symptoms and there is no evidence

ORDER ~ 11

she has pursued any mental health treatment. Tr. 20-21. The ALJ noted that at the hearing, Plaintiff testified that she did not even realize she was depressed and acknowledged that her depression was related to becoming blind in her right eye rather than an independent condition. Tr. 20, 57. The ALJ's interpretation of the evidence is reasonable and this is a clear and convincing reason based on substantial evidence.

Plaintiff contends the ALJ should not have considered her refusal to submit to a urine screening in evaluating Plaintiff's symptom complaints. ECF No. 12 at 15. Conflicting or inconsistent testimony concerning alcohol or drug use can contribute to an adverse credibility finding. *Thomas*, 278 F.3d at 959; *Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999). During the January 2015 exam by Dr. Ramos, Plaintiff refused urine screening but admitted using illicit substances, which was noted by the ALJ in describing Dr. Ramos' findings. Tr. 21, 363-64. The ALJ did not appear to rely on Plaintiff's lack of forthrightness regarding drug use as a "reason" undermining her symptom complaints. Tr. 21. However, to the extent the ALJ relied on evidence of inconsistent reports of drug use, there was no error.[3]

---

[3] The case relied on by Plaintiff, *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000), is inapplicable. ECF No. 12 at 15. The *Harman* court did not discuss credibility except to say that it would need to be reconsidered on remand, which was based on other grounds. *Id.* at 1180. In fact, *Harman* actually supports the

ORDER ~ 12

Plaintiff also contends the ALJ misconstrued a statement in the report of Frank Rosekrans, Ph.D., regarding drug use. ECF No. 12 at 15-16. In 2015, Dr. Rosekrans stated, "[s]he has never had a problem with drugs or alcohol." Tr. 357. In giving little weight to Dr. Rosekrans' opinion, the ALJ noted that Dr. Rosekrans indicated "she reported she had never used illicit substances, which was also not true." Tr. 23. Without citing any supporting evidence in the record, Plaintiff asserts she did not tell Dr. Rosekrans she never used drugs, only that it was her subjective belief that she did not have a problem with them. ECF No. 12 at 16. The ALJ's interpretation of Dr. Rosekrans' statement was reasonable. The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir.1989); *see also Richardson v. Perales*, 402 U.S. 389, 400 (1971).

Plaintiff further asserts the ALJ should not have considered her testimony that she does not have funds to purchase glasses but she continues to smoke cigarettes. ECF No. 12 at 15. The ALJ noted Plaintiff's testimony that she recently received a prescription for glasses to correct the vision in her left eye but

---

ALJ's consideration of drug or alcohol abuse in evaluating symptom claims because it notes that evidence of alcohol abuse should be considered on remand because it is "a fact which might disqualify [the claimant] from receiving benefits." *Id.* at 1180-81.

ORDER ~ 13

had not purchased them because she does not have the money, yet she continues to smoke cigarettes. Tr. 21, 56-57. This is not a reasonable consideration in evaluating Plaintiff's symptom claims because there is no evidence that smoking cigarettes impacts Plaintiff's eye condition, and due to the addictive nature of cigarettes. However, any error is harmless because the ALJ gave other legally sufficient reasons for giving less than full weight to Plaintiff's symptom claims. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir.2009) (holding that error in considering claimant's continued smoking in the credibility determination was harmless because four other independent reasons supported the credibility determination, but noting that "[i]t [was] certainly possible that [claimant] was so addicted to cigarettes that she continued smoking even in the face of debilitating shortness of breath and acute chemical sensitivity") (citing *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir.2004)); *Shramek v. Apfel*, 226 F.3d 809, 812-13 (7th Cir.2000) (noting that nicotine's addictive properties made it "extremely tenuous" to discredit a claimant's description of impairments based on the continued smoking).

**B.     Medical Opinion Evidence**

Plaintiff contends the ALJ improperly rejected the opinions of examining psychologist, Frank Rosekrans, Ph.D., and examining psychiatrist Amy Dowell, M.D. ECF No. 12 at 17.

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining

ORDER ~ 14

physicians); and (3) those who neither examine nor treat the claimant but who review the claimant's file (nonexamining or reviewing physicians)." *Holohan v. Massanari*, 246 F.3d 1195, 1201-02 (9th Cir. 2001) (brackets omitted). "Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Id.* "In addition, the regulations give more weight to opinions that are explained than to those that are not, and to the opinions of specialists concerning matters relating to their specialty over that of nonspecialists." *Id.* (citations omitted).

If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray,* 554 F.3d at 1228 (internal quotation marks and brackets omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester*, 81 F.3d at 830-31).

*1. Amy Dowell, Ph.D.*

Dr. Dowell examined Plaintiff in August 2015 and diagnosed adjustment disorder with anxiety and depressed mood. Tr. 380-84. She noted that Plaintiff's adjustment order is due to her losing her vision and having ongoing vision issues and

ORDER ~ 15

indicated that it is a treatable problem with a good chance of recovery. Tr. 383. Dr. Dowell opined that Plaintiff would have no difficulty in most mental functional areas, but that she would have difficulty dealing with the usual stress encountered in the workplace. Tr. 383-84.

The ALJ gave great weight to Dr. Dowell's opinion. Tr. 23. The ALJ noted Dr. Dowell had the opportunity to examine Plaintiff, provided a thorough assessment, and considered Plaintiff's complaints, her own observations, and unremarkable exam findings. Tr. 23. The ALJ noted the RFC includes a limitation to simple, routine, repetitive tasks where concentration is not critical to account for Dr. Dowell's assessment that Plaintiff would have difficulty dealing with stress in the workplace. Tr. 23.

Plaintiff erroneously states the ALJ rejected Dr. Dowell's opinion and fails to identify any error in the ALJ's consideration of Dr. Dowell's opinion. ECF No. 12 at 17; ECF No. 14 at 4. The ALJ's findings regarding Dr. Dowell's opinion are supported by substantial evidence and there is no error.

*2. Frank Rosekrans, Ph.D.*

Dr. Rosekrans examined Plaintiff and completed a DSHS "Psychological/Psychiatric Evaluation" form in January 2015. Tr. 356-60. He diagnosed major depressive disorder, single episode, severe; and unspecified problem related to the social environment (unavailability of care for eye infection). Tr. 357. Dr. Rosekrans assessed severe limitations in six functional areas. Tr. 358.

ORDER ~ 16

The ALJ gave little weight to Dr. Rosekrans' opinion. Tr. 23. Because Dr. Rosekrans' opinion was contradicted by the opinion of Dr. Dowell, Tr. 38-84, the ALJ was required to provide specific and legitimate reasons for rejecting Dr. Dr. Rosekrans' opinion. *Bayliss*, 427 F.3d at 1216.

The ALJ found Dr. Rosekrans' opinion is based on several inaccuracies. Tr. 23. A medical opinion may be rejected by the ALJ if it is conclusory, contains inconsistencies, or is inadequately supported. *Bray*, 554 F.3d at 1228; *Thomas*, 278 F.3d at 957. First, the ALJ noted Dr. Rosekrans based his assessment in part on Plaintiff's statements that she was going blind in her left eye and could not get medical care. Tr. 23, 356-57. The ALJ observed there is no support for either statement in the record. Tr. 23. Second, as discussed *supra*, the ALJ noted Dr. Rosekrans accepted Plaintiff's statement that she had never had a problem with illicit substances, which is not true based on other evidence in the record. Tr. 23, 357. Third, the ALJ observed that Dr. Rosekrans was glad to see Plaintiff express anger toward her medical providers instead of being depressed and found Plaintiff had good reason to be "hopeless, bitter, and angry." Tr. 23, 356. The ALJ found that Dr. Rosekrans' reasons for this opinion were "not expressed or founded." Tr. 23. Based on all of these inaccuracies, the ALJ reasonably gave little weight to Dr. Rosekrans' opinion.

Plaintiff does not address any of the ALJ's reasons for rejecting Dr. Rosekrans' opinion. ECF No. 12 at 17. Plaintiff's only argument is that the ALJ rejected the opinions of Dr. Rosekrans and Dr. Dowell based on "forms filled out by

ORDER ~ 17

non-examining, non-treating doctors." ECF No. 12 at 17 (citing Tr. 69-78, 80-89). Plaintiff presumably references the opinions of Thomas C. Clifford, Ph.D., and John F. Robinson, Ph.D., who reviewed the record and found no severe mental impairment. Tr. 73-74, 84-85, 95-96, 108-09. However, Plaintiff overlooks that the ALJ gave only partial weight to the opinions of Dr. Clifford and Dr. Robinson, found depression is a severe impairment, and included mental limitations in the RFC finding. Tr. 18-19, 23. Furthermore, the ALJ credited the opinion Dr. Dowell, another examining psychologist, who assessed significantly fewer and less severe limitations. Tr. 23, 384. The ALJ's rejection of Dr. Rosekrans' opinion is based on specific, legitimate reasons supported by substantial evidence.

Lastly, without citing any authority, Plaintiff suggests the opinions of Dr. Clifford and Dr. Robinson are insufficient evidence because they contain electronic signatures rather than handwritten signatures. ECF No. 12 at 17. Consultative medical examiners are required to sign their opinions, but the Court finds no case law, rule, or statute requiring that the signatures be handwritten. *See* 20 C.F.R §§ 404.1520a(e)(1), 416.920a(e)(1) (requiring consultative examiners to sign opinions, but no requirement of handwritten signatures); 20 C.F.R. §§ 404.1519o(b), 416.919o(b) (an unsigned or improperly signed consultative exam report may not be used to deny benefits). In fact, the Social Security Administration Program Operations Manual System (POMS) indicates that the electronic records system provides for electronic signature and attestation when consultative examiners submit opinions. Program Operations Manual System DI 81020.070 (effective February 10,

ORDER ~ 18

2017). "The attestation on a CE report is acceptable medical evidence . . . and satisfies the signature requirement." *Id.*; *see also* POMS DI 81020.110 (effective October 9, 2018) (describing electronic procedures for consultative examiners and noting that consultative opinions made on printed paper forms must include handwritten signatures). Thus, Plaintiff's argument is without merit.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes the ALJ's decision is supported by substantial evidence and free of harmful legal error. Accordingly,

1. Plaintiff's Motion for Summary Judgment, ECF No. 12, is DENIED.

2. Defendant's Motion for Summary Judgment, ECF No. 13, is GRANTED.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

**DATED** September 23, 2019.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge